IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

    Plaintiff,

vs.                                   Case No. 14-10032-01-JTM

Gabriel Marceleno-Lopez,

    Defendant.

MEMORANDUM AND ORDER

Defendant Gabriel Marceleno-Lopez pled guilty to re-entry into the United States after deportation following a prior felony conviction. (Dkt. 12). Marceleno-Lopez was deported in 2012 after receiving a suspended sentenced for aggravated robbery in Ford County, Kansas. He subsequently reentered the United States, and was detained in 2014.

The matter is now before the court on defendant's motion seeking a modification of his sentence pursuant to 28 U.S.C. § 2255, in which he generally recites his family situation (including the fact that his father "is getting elderly"), that he is "is attempting to take classes at the Federal Corrections Center to better himself," and that he "promises not to return illegally again." (Dkt. 20, at 2). None of the cited rationales offer a legal basis for modification of the sentence imposed. The only rationale which might at least potentially form the basis for relief is the additional observation that "Mr. Lopez questions the enhancements from his juvenile conduct," and "does not feel it appropriate — to be

enhanced — for actions when he was a child." *Id.*

The motion to vacate (Dkt. 20) is hereby denied. First, and most simply, criminal sentences are not enhanced based upon juvenile proceedings, and the sentence imposed by the court did not include any such enhancement. (Dkt. 16, 18). Second, the defendant freely and voluntarily entered into the plea agreement, which expressly includes a waiver of any right to collaterally attack the sentence imposed. (Dkt. 14, at ¶ 8). In its colloquy with the defendant (Dkt. 15), the court ensured that the defendant was fully aware of the effects of the plea agreement. Such knowing and voluntary waivers are valid and binding, except as to challenges to the effectiveness of counsel (an argument which the defendant does not assert). *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). Nor has the defendant even attempted to show the sort of miscarriage of justice which would support relief from enforcement of the plea agreement. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

IT IS SO ORDERED this 26th day of October, 2015.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE